UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY OCAMPO,<br><br>    Plaintiff,<br><br>v.<br><br>HEITECH SERVICES, INC.,<br><br>    Defendant. | Case No. 4:19-cv-4176-KAW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER**<br><br>Re: Dkt. No. 11 |

Plaintiff Henry Ocampo brought the instant action against Defendant HeiTech Services, Inc., alleging violations of various California labor laws. (*See* Compl. ¶ 2, Dkt. No. 1-2.) Pending before the Court is Defendant's motion to transfer to the District Court of Maryland. (Def.'s Mot. to Transfer, Dkt. No. 11.)

The Court finds this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-11, and VACATES the hearing. Having considered the parties' filings and the relevant legal authority, the Court DENIES Defendant's motion to transfer.

## I. BACKGROUND

Plaintiff is a California resident who worked for Defendant, a Maryland corporation. (Compl. ¶¶ 6-7.) Defendant assigned Plaintiff to work in San Francisco, California. (Compl. ¶ 7.) Plaintiff's duties included capacity building in various Pacific islands to educate minority communities in health and educational issues. (Hackett Decl. ¶ 4, Dkt. No. 11-1.) Plaintiff would use phone and e-mail to communicate with Defendant at its Maryland office. (Hackett Decl. ¶ 4.)

On July 26, 2018, Plaintiff informed Defendant that he needed to take medical leave due to a disability. (Compl. ¶ 11.) From July 30, 2018 through August 31, 2018, Plaintiff went on approved medical leave. (Compl. ¶¶ 13-14.) On September 2, 2018, Plaintiff began a vacation

that had been scheduled two months prior to his medical leave. (Compl. ¶ 14.) On September 14, 2018, Plaintiff returned to work, and provided a medical release stating that he could return to work without restrictions. (Compl. ¶ 15.) Defendant then notified Plaintiff that his employment would be terminated as of September 26, 2018 because the government contract that funded his position was expiring. (Compl. ¶ 16.) Plaintiff alleges, however, that the government contract did not terminate on September 26, 2018, but continued for several months thereafter. (Compl. ¶ 18.)

On June 17, 2019, Plaintiff filed the instant action in state court, asserting claims of: (1) disability discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), (2) retaliation in violation of FEHA, (3) retaliation in violation of the Family Medical Leave Act ("FMLA") and California Family Rights Act, (4) failure to prevent discrimination and retaliation in violation of FEHA, (5) wrongful termination in violation of public policy, and (6) waiting time penalties per California Labor Code § 203. (Compl. at 1.) On July 19, 2019, Defendant removed the case on the basis of federal question and diversity jurisdiction. (Not. of Removal ¶¶ 3-4, Dkt. No. 1.)

On September 3, 2019, Defendant moved to transfer venue. On September 17, 2019, Plaintiff filed his opposition, as well as a request for judicial notice. (Pl.'s Opp'n, Dkt. No. 12; Pl.'s Request for Judicial Notice ("RJN"), Dkt. No. 13.) On September 24, 2019, Defendant filed its reply. (Def.'s Reply, Dkt. No. 14.)

## II. LEGAL STANDARD

### A. Request for Judicial Notice

A district court may take judicial notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). A court may, therefore, take judicial notice of matters of public record. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

### B. Motion to Transfer Venue

Generally, "[a] district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Lueck v.*

*Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001). The party moving to dismiss based on forum non conveniens has the burden of showing that there is an adequate alternative forum and that the balance of private and public interest factors favors dismissal. *Id.* at 1142-43. "A plaintiff's choice of forum will not be disturbed unless the private and public interest factors strongly favor trial in the foreign [forum]." *Dardengo v. Honeywell Int'l, Inc. (In re Air Crash Over the Midatlantic*), 792 F. Supp. 2d 1090, 1094 (N.D. Cal. 2011).

> Factors relating to the parties' private interests include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law. The Court must also give some weight to the plaintiffs' choice of forum.

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581 n.6 (2013) (internal quotations and citations omitted). Thus:

> The standard to be applied is whether, in light of these factors, defendants have made a clear showing of facts which either (1) establish such oppression and vexation of a defendant as to be out of proportion to the plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems.

*Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983) (internal quotations omitted).

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." As with a motion to dismiss for forum non conveniens, a district court considering a § 1404(a) motion to transfer in the absence of a forum-selection clause "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co.*, 134 S. Ct. at 581. Thus, the district court must "weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of the parties and witnesses and otherwise promote the interest of justice." *Id.* (internal quotations omitted).

3

### III. DISCUSSION

#### A. Request for Judicial Notice

Plaintiff requests that the Court take judicial notice of the "U.S. District Courts – Federal Court Management Statistics—Comparison Within Circuit," for the reporting period ending June 30, 2019. (Pl.'s RJN at 1.[1]) Defendant did not oppose. Because the Federal Court Management Statistics comes from a government source, and can therefore "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," the Court GRANTS Plaintiff's request for judicial notice. Fed. R. Evid. 201(b).

#### B. Motion to Transfer Venue

The parties do not dispute that the case could have been brought in Maryland. (See Def.'s Mot. to Transfer at 6.) Rather, the parties dispute whether Defendant has made a strong showing of inconvenience, warranting transfer. The Court finds that Defendant has not.

##### i. Plaintiff's Choice of Forum

Plaintiff has chosen to file the instant case in California. "In general, the Court affords a plaintiff's chosen forum great weight." *Ramondetta v. Konami*, Case No. 08-cv-1002-JSW, 2008 WL 11396774, at *4 (N.D. Cal. May 19, 2008). The deference accorded, however, "should be balanced against both the extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including those relating to a plaintiff's cause of action." *Id.* (citing *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). In other words, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration." *Pac. Car & Foundry Co.*, 403 F.2d at 954.

Here, Plaintiff is a California resident. While Defendant argues that it has never done business in California and has no contracts in California, Defendant did, in fact, contract to work with Plaintiff for approximately ten years. (*See* Hackett Decl. ¶ 4.) Plaintiff further alleges that he

---

[1] The Court notes that Plaintiff's RJN does not correctly identify the instant case or the reporting period. (*See* Pl.'s RJN at 1.) Regardless, the attached exhibit is readily identifiable as the Federal Court Management Statistics.

4

was hired to work in California. (Compl. ¶ 7.) Thus, the Court will afford Plaintiff's choice of forum great deference.

### ii. Convenience of the Parties and Witnesses

In arguing that transfer is warranted, Defendant identifies eight witnesses who are located in Maryland, each of whom were involved in the decision to terminate Plaintiff's employment or otherwise have knowledge of the facts. (Supp. Hackett Decl. ¶¶ 4-11, Dkt. No. 14-1.) Each of the witnesses, however, are Defendant's employees. (*Id.*) Courts in this district have found that "the convenience of a litigant's employee witnesses are entitled to little weight because litigants are able to compel their employees to transfer at trial, regardless of forum." *Alul v. Am. Honda Motor Co., Inc.*, Case No. 16-cv-4384-JST, 2016 WL 7116934, at *4 (N.D. Cal. Dec. 7, 2016) (internal quotation omitted); *see also SkyRiver Tech. Solutions, LLC v. OCLC Online Computer Library Ctr., Inc.*, Case No. 10-cv-3305-JSW, 2010 WL 4366127, at *3 (N.D. Cal. Oct. 28, 2010); *Hendricks v. StarKist*, Case No. 13-cv-729-YGR, 2014 WL 1245880, at *4 (N.D. Cal. Mar. 25, 2014) ("Even if StarKist is correct in claiming that it will provide more witnesses and those witnesses will provide the most relevant testimony in this case, StarKist still only refers to party witnesses, and not the non-party witnesses with which this factor is chiefly concerned. . . [T]his will not be a sufficient reason to justify a transfer[.]"); *Ramondetta*, 2008 WL 11396774, at *4 (giving less weight to the convenience of witnesses who were the defendant's officers and employees). Thus, the Court finds that while this factor weighs in favor of transfer, it is not by itself a sufficient reason to justify transfer.[2]

### iii. The Ease of Access to Evidence

Defendant argues that this factor weighs heavily in favor of transfer because most of the documents relating to this case are located at Defendant's headquarters in Maryland. (Def.'s Mot.

---

[2] In its reply, Defendant cites to *In re Google Inc.*, 2017-107, 2017 U.S. App. LEXIS 4848 (Fed. Cir. Feb. 23, 2017), an unpublished Federal Circuit decision. (Def.'s Reply at 4-5.) The decision is not binding on the Court. Additionally, while the Federal Circuit did give significant weight to the location of the defendant's employee-witnesses, it also noted that the plaintiff corporation only had one employee working in the original district. Thus, the district court had "overemphasiz[ed] the extent to which [the plaintiff] had a presence in Texas" because the plaintiff's ties to the original district were minimal. 2017 U.S. App. LEXIS 4848, at *7. As discussed above, however, Plaintiff's ties to this district are significant, as he is a resident of California.

5

to Transfer at 7.) "Courts have differing opinions on the continuing relevance of this factor in the digital age." *Alul*, 2016 WL 7116934, at *5. Some courts have found that "where electronic discovery is the norm (both for electronic information and digitized paper documents), ease of access is neutral given the portability of information." *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 780 (N.D. Cal. 2014); *Hendricks*, 2014 WL 1245880, at *4 ("the transportation of documents generally is not regarded as a burden because of technological advances in document storage and retrieval"); *Holliday v. Lifestyle Lift, Inc.*, Case No. 09-cv-4995-RS, 2010 WL 3910143, at *8 (N.D. Cal. Oct. 5, 2010) ("The reality of electronic communication and transmission at least dilutes the weight given to this convenience factor."). Others have found that "[w]hile technological developments have reduced the weight of this factor in the transfer determination, this factor nonetheless weighs in favor of transfer." *Roe v. Intellicorp Records, Inc.*, Case No. 12-cv-2567-YGR, 2012 WL 3727323, at *3 (N.D. Cal. Aug. 27, 2012). The Court finds this factor weighs only very slightly in favor of transfer.

### iv. Familiarity of Forum with Applicable Law

Here, Plaintiff's claims arise primarily from California law, with the exception of the FMLA claim. In general, "[t]he two districts are equally familiar with federal law . . . ; however, this district is more familiar with the state laws underlying the California . . . claims. But since other federal courts are fully capable of applying California law, this factor weighs only slightly against transfer." *Karl v. Zimmer Biomet Holdings, Inc.*, Case No. 18-cv-4176-WHA, 2018 WL 5809428, at *6 (N.D. Cal. Nov. 6, 2018).

The Court, however, observes that there are several FEHA claims in the instant case. "Courts in this district have recognized that there is a public interest in trying FEHA claims in California that weighs against transfer to out of state district courts." *Kaur v. US Airways, Inc.*, Case No. 12-cv-5963, 2013 WL 1891391, at *6 (N.D. Cal. May 6, 2013). The Court finds that this factor weighs against transfer.

### v. Local Interest in Controversy

The Court finds this factor is neutral, as both California and Maryland have an interest in the controversy. Maryland has an interest because Defendant's corporate headquarters are located

6

within that state, and thus Maryland "has a significant interest in monitoring allegedly unlawful behavior of companies within its borders." *Hendricks*, 2014 WL 1245880, at *6. Likewise, because Plaintiff is a California resident, California "has an interest in protecting the rights of [Plaintiff]. . . ." *Holliday*, 2010 WL 3910143, at *8 (finding this factor neutral); *Hendricks*, 2014 WL 1245880, at *6 (same). Further, at least one district court has recognized that California has a "strong public policy of litigating labor disputes that arise in California within the state." *Karl*, 2018 WL 5809428, at *2.

### vi. Relative Court Congestion

The Court finds this factor is neutral. The median time from filing to disposition is shorter in Maryland (7.8 months) than in this district (8.5 months). (*See* Pl.'s RJN, Exh. 1.) The median time from filing to trial, however, is shorter in this district (25.3 months) than in Maryland (8.5 months). Taken together, these differences are not particularly meaningful. Moreover, even if the court congestion was more disparate, a court "should not transfer a case on the basis of docket congestion after determining the balance of the other factors weigh against transfer." *Hendricks*, 2014 WL 1245880, at *6 (internal quotation omitted).

### vii. Weighing the Factors

After considering all of the factors, the Court finds that transfer is not warranted. Plaintiff's choice of forum is entitled to great deference, and the remaining §1404 factors do not outweigh it, particularly when Defendant only identifies out-of-state witnesses that are its own employees.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Defendant's motion to transfer venue.

IT IS SO ORDERED.

Dated: October 22, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge