UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY OCAMPO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HEITECH SERVICES, INC.,<br><br>　　　　Defendant. | Case No. 19-cv-04176-KAW<br><br>**ORDER DENYING MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 40, 42 |

On July 2, 2020, Defendant Heitech Services, Inc. filed a motion for summary judgment. (Dkt. No. 39.) Defendant also filed a motion to file two exhibits under seal: (1) a copy of the signature pages to the Subcontract Agreement Modification 009, and (2) a copy of the full Subcontract Agreement Modification. (Dkt. No. 40 at 2.) Defendant asserts that the documents contain trade secrets and are contracts that are not publicly available. On July 16, 2020, Plaintiff Henry Ocampo filed a motion to file under seal the same contract and deposition testimony related to the contract. (Dkt. No. 42.)

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id.* (internal quotation omitted). The burden is therefore on the party seeking to seal a judicial record to "overcom[e] this strong presumption by meeting the 'compelling reasons' standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. . . ." *Id.* at 1178-79 (internal quotations

1 omitted). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and
2 justify sealing court records exist when such court files might have become a vehicle for improper
3 purposes, sch as the use of records to gratify private spite, promote public scandal, circulate
4 libelous statements, or release trade secrets." *Id.* at 1179.

Here, the parties' request to seal an entire contract is overbroad.  While certain terms in the contract may be trade secret, it does not appear the *entire* contract is trade secret; for example, the legislative mandate of the Office of Minority Health, the hours of operation of an office, and the requirement of compliance with accessibility standards would not be matters of trade secret.[1] Indeed, Defendant describes several of the terms in the motion for summary judgment, which is not under seal.  (*E.g.*, Dkt. No. 39 at 14 (describing revisions to the contract that purportedly eliminated Plaintiff's job duties).)  This suggests that such information does not involve trade secrets.

Accordingly, the Court DENIES the parties' motions to file under seal.  The parties may file a renewed motion to file the exhibits under seal within **two weeks** of the date of this order.  The renewed motion must be narrowly tailored to information that is sealable and must explain why the information constitutes trade secrets.

IT IS SO ORDERED.

Dated: July 20, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] This is not an exhaustive list.